USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 5/12/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THERIN B. MCKNIGHT,

       Plaintiff,

    v.

N.A.I.C.A.; GREG MOLY; and LUCY SANCHEZ,

       Defendants.

---

No. 19-CV-5271 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

On June 5, 2019, Plaintiff Therin B. McKnight, proceeding *pro se*, filed this action, alleging employment discrimination against Defendants Neighborhood Association for Inter-Cultural Affairs, Inc. ("NAICA"), Gregory Mule, and Luz Sanchez.[1] Dkt. 2 (Complaint). On September 24, Defendants filed the instant motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, Federal Rule of Civil Procedure 12(e). Although the Court subsequently granted Plaintiff three extensions to respond to Defendants' motion – on October 7 and November 4, 2019 and January 15, 2020, he never did so. Dkt. 16, 18, 21. Therefore, on April 17, the Court ordered Plaintiff to "file a response to Defendants' motion or a letter indicating that he does not intend to file a response," in which case "the Court will deem the motion fully briefed and take it under submission," by May 8. Dkt. 22. The Court warned, however, that "if Plaintiff does not respond to this Order, then the Court will

---

[1] According to Defendants, the complaint "incorrectly identifie[s]" Gregory Mule as "Greg Moly" and Luz Sanchez as "Lucy Sanchez." Dkt. 12 at 1 (Defs.' Mot.). For purposes of this opinion, the Court adopts the spelling provided by Defendants.

dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." *Id.* To date, the Court has not received any response from Plaintiff.

Although the Court could dismiss this action for Plaintiff's failure to respond to its April 17th Order, it instead will deem Defendants' motion to dismiss fully briefed and take it under submission. *See McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000) ("[A]lthough a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law."). For the following reasons, Defendants' motion is granted pursuant to Rule 12(b)(6), and thus the Court does not address Defendants' alternative argument under Rule 12(e).

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a Rule 12(b)(6) motion, the question is "not whether [the plaintiff] will ultimately prevail," but "whether [his] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011). In answering this question, the Court must "accept[] all factual allegations as true, but 'giv[e] no effect to legal conclusions couched as factual allegations.'" *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017).

When, as here, the plaintiff is proceeding *pro se*, the complaint "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013). But "[e]ven in a *pro se* case . . . threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## DISCUSSION

Using this District's employment discrimination complaint form, Plaintiff appears to allege discrimination, stemming from the termination of his employment, under Title VII and state law.[2] Dkt. 2 at 3-4. Plaintiff's allegations make up a single, short paragraph. More problematic, however, is that this single, hand-written paragraph of allegations is "partially illegible." Dkt. 12 at 2. What Defendants – and the Court – can construe is the following:

> In the month of Oct 2018 Lucy Sanchez called to Director Office and told me I was being sent to H.R. because she [illegible] two shelter resident [sic] to write statements on me stating I called fellow employee [illegible] and that was the reason for termination but prior to that Miss Sanchez; Mr. Moly just came to the work site lest than 90 day started [illegible] of harassment against me.

*Id.* (quoting Dkt. 2 at 5). With his complaint, Plaintiff attached a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), dated May 31, 2019, and a letter from NAICA terminating Plaintiff's employment, dated October 25, 2018.[3]

To make a *prima facie* case of racial discrimination under Title VII, a plaintiff must show that "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015). "At the pleadings stage, . . . a plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show

---

[2] Although Plaintiff did not check the relevant boxes, he input information next to the boxes for claims brought under 42 U.S.C. § 1981 and the Age Discrimination in Employment Act of 1967 (the "ADEA"). Dkt. 2 at 4. It is thus unclear to the Court whether Plaintiff also intends to allege claims under § 1981 and the ADEA, in addition to his claims under Title VII and state law.

[3] Plaintiff did not attach a copy of the charges he filed with the EEOC.

discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

The Court has closely reviewed Plaintiff's complaint.  Because the factual allegations are partially illegible and thus somewhat incoherent, the Court struggles to understand the basis for Plaintiff's claims.  Although Plaintiff names Defendants and attaches a letter showing that he was terminated on October 25, 2018, Plaintiff fails to provide "the circumstances" that could "give rise to an inference of discrimination." *Vega*, 801 F.3d at 83.  At most, the Court gleans that Sanchez sent Plaintiff to Human Resources because of statements written about him by two residents at a shelter where Plaintiff was working and that Mule subjected Plaintiff to some form of "harassment."  Dkt. 2 at 5.  As Defendants note, while "the handwritten statement alludes to unspecified 'harassment' by Sanchez and Mule prior to his employment termination, Plaintiff fails to describe the nature of the alleged harassment or provide any information that it was motivated by his race, color, or age."  Dkt. 12 at 4.  In particular, the Court cannot construe from Plaintiff's barebones allegations how Sanchez' and Mule's alleged conduct is connected to Plaintiff's termination – presumably the adverse action here – or how one of Plaintiff's protected characteristics was a motivating factor in their conduct or his termination.

"A complaint alleging employment discrimination will survive a motion to dismiss if it provides defendants with fair notice of what the plaintiff's claims are and the ground upon which those claims rests." *Whyte v. Contemporary Guidance Servs., Inc.*, No. 03-CV-5544 (GBD), 2004 WL 1497560, at *3 (S.D.N.Y. July 2, 2004).  "Fair notice is lacking when the complaint is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).  Because of the brevity and unintelligible nature of Plaintiff's allegations, the Court cannot discern how Plaintiff states a claim for relief under Title VII or – to the extent that he intends to do so – under other anti-

discrimination statutes, and thus his complaint must be dismissed. *See Perez v. N.Y. Police*, No. 19-CV-8251 (LLS), 2020 WL 1330761, at *3 (S.D.N.Y. Mar. 23, 2020) (dismissing a *pro se* complaint for failure to state a claim "because the complaint is largely illegible and incoherent" and thus "the Court is unable to understand the nature of Plaintiff's claims").

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. Plaintiff's Title VII claim – and ADEA claim, to the extent that it too is plead here – against individual Defendants Mule and Sanchez are dismissed with prejudice because individuals are not subject to liability under those statutes. *See Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 221 (2d Cir. 2004) (Title VII); *Wang v. Palmisano*, 157 F. Supp. 3d 306, 338 (S.D.N.Y. 2016) (ADEA). Plaintiff's remaining claims are dismissed without prejudice. Should Plaintiff choose to amend, he shall file an amended complaint no later than June 13, 2020, if he has a good faith basis to do so. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 11. Defendants shall promptly mail Plaintiff a copy of this Order.

SO ORDERED.

Dated:   May 12, 2020
         New York, New York

                                              Ronnie Abrams
                                              United States District Judge